IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF NEW MEXICO,

    Plaintiff,

vs.      No. CR 18 3667 WJ

JOSE JOHN ROMERO,

    Defendant.

## DEFENDANT ROMERO'S SIXTH UNOPPOSED MOTION TO CONTINUE CALL OF THE CALENDAR OF AUGUST 28, 2019 AND TRIAL SCHEDULED FOR SEPTEMBER 3, 2019

**COMES NOW** Defendant Jose John Romero, by and through his attorney of record Martin Lopez III, P.C. (Martin Lopez, III), and hereby moves the Court for an Order continuing the call of the calendar of August 28, 2019 and trial of September 3, 2019 and as grounds states:

1. Defendant is charged by Indictment filed on November 7, 2018 with Count 1: Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1); Count 2: Possession with Intent to Distribute 500 Grams and More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A); Count 3: Using and Carrying a Firearm During and in Relation to a Drug Trafficking Crime, and Possessing a Firearm in Furtherance of Such Crime in violation of 18 U.S.C. § 924(c). The alleged acts took place in San Juan County, in the District of New Mexico on or about August 20, 2018. (Doc. No. 18).

2. Defendant is engaged in meaningful plea negotiations to resolve this matter but needs more time to negotiate the terms of a plea agreement, to evaluate the impact of the sentencing guidelines, and to confer with Mr. Romero, who is currently housed in Grants, New Mexico.

3. On May 23, 2019 counsel for Defendant Romero filed an Unopposed Motion for Order for Pre-Plea Pre-Sentence Report. *See,* (Doc. 31). The Court granted the motion on June 3, 2019. To date, the Pre-Plea Pre-Sentence Report has not been completed by US Probation. Due to the nature of Defendant's prior criminal history which is from the State of California, the Pre-Plea Pre-

1

Sentence Report is essential to plea negotiations.

4. According to United States Probation a Form 13 PSR is recommended since Mr. Romero has 26 criminal history entries all from California with several entries being quite "dated." There are 9 convictions that could potentially trigger Armed Career Criminal Act or Career Offender eligibility. The assessment is needed to determine if Mr. Romero is an Armed Career Criminal or Career Offender or both. Additionally, a USSG guideline estimate will require US Probation to compare drug and gun guidelines. However, the charged offense involved multiple drug transactions and several firearms. The evaluation process has been time consuming.

5. The Defendant requests additional time to pursue an informed resolution, in particular given the likelihood that he may face a mandatory 15 year sentence if convicted at trial in this matter. To require this case to trial now, while the negotiation process is moving apace would be a waste of judicial resources. To try a case where the prospect of settlement is being positively advanced is contrary to the public interest in the efficient closure of criminal cases.

6. If the parties are unable to resolve this matter with the assistance of US Probation's assessment of potential penalties, Counsel believes pretrial litigation will be necessary as to potential constitutional issues and evidentiary matters. Pursuant to 18 U.S.C. § 3161(h)(7)(A), this request for a continuance is in the best interests of justice and outweighs the best interests of Mr. Romero, and the public in a speedy trial. Pursuant to 18 U.S.C. § 3161(h)(7)(B)(iv), a continuance will allow for the continuity of counsel and will allow Counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. The moving Defendant requests the Court find, pursuant to 18 U.S.C. § 3161(h)(7(A), that, if the Court grants this motion, all the time from the date of the order granting the continuance to the new jury trial setting be excluded for the purposes of the Speedy Trial Act.

7. Therefore, in order to ensure protection of Mr. Romero's rights and to fulfill Counsel's due diligence obligations to Defendant, Counsel would request an additional extension of time in which to have US Probation complete the Form 13 PSR and allow counsel to negotiate and finalize

2

an acceptable plea agreement for both parties.

8. Counsel would request the Court continue trial on the merits of this case until the Court's November, 2019 calendar as Counsel and the Government are in the process of plea negotiations and US Probation is in the process of investigating and completing the Pre-Plea Pre-Sentence Report.

9. The Federal Rules of Procedure, the Speedy Trial Act and the Federal Rules of Evidence all contemplate the use of pre-trial resources in the effort to settle cases without trial, if possible. *See*, Fed. R. Crim. P. 11(c); 18 U.S.C. § 3161(b)(1)(G); Fed. R. Evid. 410. At this point, Mr. Romero has not had sufficient time to negotiate a reasonable plea or make an informed decision as to whether to negotiate a plea or proceed to trial. Accordingly, the ends of justice are best served by granting the extension of time in which to file motions and continuance of an early trial setting as it is anticipated that neither trial preparation or settlement negotiations will not be completed by the currently scheduled trial of September 3, 2019. Without the requested extension of time and continuance, a miscarriage of justice will result.

10. Counsel for Mr. Romero files this motion to timely comply with the pretrial deadlines and orders as contained within the Court's Notice of Hearing. Counsel is also requesting an extension of time in which to file pre-trial motions in the event a plea agreement cannot be negotiated.

11. Mr. Romero has been advised that the filing of this Motion would be forthcoming and is in his best interests. Undersigned Counsel submits Mr. Romero waives the time limits set forth within the Speedy Trial Act, 18 U.S.C. § 3161(c)(1) and the Sixth Amendment of the United States Constitution in making this request. Mr. Romero gives sufficient reasoning in his motion to continue to satisfy *USA v. Toombs*, 574 F.3d 1262 (10th Cir. 2009).

12. The ends of justice are best served by granting this continuance as it is anticipated that the case will require additional time sufficient to complete a negotiated disposition. The statements and averments made within this motion are not made for undue delay, but rather to provide Defendant with effective assistance of counsel. the time limits set forth within the Speedy Trial Act,

3

18 U.S.C. § 3161(c)(1) and the Sixth Amendment of the United States Constitution in making this request.

13. Counsel for Defendant Romero contacted Assistant U.S. Attorney Howard R. Thomas, regarding his concurrence and he do not oppose this motion or the time limits requested.

**WHEREFORE**, Counsel respectfully requests that the Court grant a continuance of the call of the calendar of August 28, 2019 and trial of September 3, 2019 in this matter until the Court's November, 2019 trial calendar and extend motions deadline to October 14, 2019.

Respectfully submitted,

**MARTIN LOPEZ, III**
A Professional Corporation

Electronically filed August 19, 2019
Martin Lopez, III
Attorney for Defendant Romero
1500 Mountain Rd. N. W.
Albuquerque, New Mexico 87104
Tele: (505) 243-2900

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 19th of August, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing to the following:

Howard R. Thomas, AUSA
E-Mail: howard.thomas@usdoj.gov

Electronically filed August 19, 2019
Martin Lopez, III

4